FILED
CLERK, U.S. DISTRICT COURT
JUL 3 1 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASSERMAN MEDIA GROUP LLC (a Delaware Limited Liability Company); JOSEPH DANZI, an individual<br><br>Plaintiff,<br><br>v.<br><br>IMG WORLDWIDE, INC. (an Ohio corporation); IMG OPERATIONS, INC. (an Ohio corporation),<br><br>Defendants. | Case No. CV07-06979 GAF (SHx)<br><br>[PROPOSED] FINAL JUDGMENT PURSUANT TO STIPULATION<br><br>Judge: The Hon. Gary A. Feess |

WHEREAS, Plaintiffs Wasserman Media Group LLC ("WMG") and Joseph Danzi ("Danzi") (collectively, "Plaintiffs") filed this action on January 11, 2008, seeking a declaratory judgment that certain of the post-employment restrictions in Danzi's employment agreement (the "Agreement") with Defendant IMG Worldwide, Inc. ("IMG")[1] were void and unenforceable;

WHEREAS, on January 28, 2008, IMG filed a motion to compel arbitration of Danzi's claims pursuant to the terms of the Agreement, and to stay the claims of WMG pending such arbitration;

---
[1] Defendant IMG Operations, Inc. has been merged into IMG.

WHEREAS, on January 29, 2008, Plaintiffs filed a motion for summary judgment;

WHEREAS, on or about February 25, 2008, the Parties filed a Stipulation and Proposed Order that, among other things: arbitration between Danzi and IMG would take place in New York, New York, on a mutually agreeable date in June 2008; WMG would be bound in this action by the arbitration award as to the enforceability of the post-employment covenants in the Agreement; this action would be stayed during the course of the arbitration; and the Parties would advise the Court when the arbitration is completed;

WHEREAS, on or about February 26, 2008, the Court entered the Parties' stipulated Order (1) Compelling Arbitration Of Plaintiff Joseph Danzi's Claims; (2) Withdrawing The Pending Motions; and (3) Staying The Action Pending Arbitration (the "February 26, 2008 Order");

WHEREAS, on June 26, 2008, the Arbitrator in the arbitration between Danzi and IMG entered the Consent Award (the "Award") attached hereto and marked as Exhibit 1;

WHEREAS, Plaintiffs and IMG have entered into a Stipulation whereby they have agreed that, pursuant to the February 26, 2008 Order, Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, 28 U.S.C. § 2201 and Rules 54 and 57 of the Federal Rules of Civil Procedure a final judgment shall be entered confirming the Award and entering the Award as a judgment of this Court and declaring that IMG is not entitled to equitable relief imposing upon WMG the restrictions contained in the restrictive covenants in the Agreement so that Danzi's Agreement poses no bar to WMG assigning Danzi to represent Danzi's former IMG clients or prospective recruits on WMG's behalf, or to WMG hiring former IMG employees; and

///

///

1     WHEREAS, good cause appearing therefore,

2     IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

3     1.     The Award be and hereby is confirmed and entered as a final judgment of this Court; and

5     2.     IMG is not entitled to equitable relief imposing upon WMG the restrictions contained in the restrictive covenants in the Agreement so that Danzi's Agreement poses no bar to WMG assigning Danzi to represent Danzi's former IMG clients or prospective recruits on WMG's behalf, or to WMG hiring former IMG employees.

Dated: July 30, 2008

*[signature]*

Hon. Gary A. Feess
United States District Judge

**EXHIBIT 1**

```
AMERICAN ARBITRATION ASSOCIATION
-------------------------------------------------X
JOSEPH DANZI,
            Claimant,

    -against-                          Case No. 13 160 00490 08

IMG WORLDWIDE, INC.,
            Respondent.
-------------------------------------------------X
```

## CONSENT AWARD

I, THE UNDERSIGNED ARBITRATOR, have been designated in accordance with the Stipulation dated February 25, 2008 (the "Stipulation") entered into by Claimant Joseph Danzi ("Danzi" or "Claimant"), Respondent IMG Worldwide, Inc. ("Respondent" or "IMG"), and Danzi's current employer Wasserman Media Group LLC, who is not a party to this proceeding and filed with the United States District Court; and

I, THE UNDERSIGNED ARBITRATOR, having been duly sworn, with the consent of and at the request of the parties hereto, have agreed that the following terms become the CONSENT AWARD, as follows:

1. All prior submissions and orders, including my Order dated April 30, 2008 ("April 30th Order), are incorporated by reference and made part of this Consent Award.

2. Claimant moved for summary judgment following issuance of the April 30th Order. In a letter dated May 21, 2008, Respondent advised Claimant and the Arbitrator that (i) in order to avoid the continued cost and inconvenience of this arbitration it was waiving any rights that it may have had against Claimant under Sections 6 and 7 (the restrictive covenants at issue in this matter) of the Employment Agreement between the parties dated July 27, 1999; (ii) it was covenanting not to sue Danzi for an alleged violation of or activity inconsistent with the post-employment restrictions contained in Sections 6 and 7 of the Employment Agreement; and (iii) it was withdrawing its counterclaims with prejudice. At the

EXHIBIT 1
PAGE 4

13 160 00490 08 Joseph Danzi and IMG Worldwide, Inc.

       Arbitrator's urging, the parties agreed to enter the award in this matter in the form of a Consent Award agreeable to both sides.

3.   As Respondent has waived any rights it may have had against Danzi with respect to the enforcement of Sections 6 and 7 of the Employment Agreement, the parties consent and agree that those provisions may not be enforced against Danzi in any way and IMG covenants not to sue Danzi for any alleged violation of or activity inconsistent with those provisions. Further, IMG's counterclaims against Claimant are dismissed with prejudice. Finally, the parties agree that this Consent Award shall not be deemed confidential.

4.   All sides shall bear their own costs, including attorney's fees, incurred in connection with this Arbitration. The administrative fees of the American Arbitration Association totaling $1,050.00 shall be borne $150.00 by Claimant and $900.00 by Respondent. The compensation of the arbitrator totaling $17,400.00 shall be borne by Respondent.

5.   This Award is in full settlement of all claims and counterclaims submitted to this Arbitration.

June 26, 2008
Date

_____
ARBITRATOR

I, Alfred G. Feliu, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

June 26, 2008
Date

_____
Alfred G. Feliu

2

EXHIBIT 1
PAGE 5